IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HELENE RADBIL and<br>RICHARD RADBIL,<br>    *Plaintiffs,*<br><br>vs.<br><br>DIVERSIFIED COLLECTION<br>SERVICES, INC. d/b/a DCS,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:12-cv-1082<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiffs, Helene Radbil and Richard Radbil ("Plaintiffs"), for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

2. Plaintiffs seek to recover monetary damages for Defendant's violation of the FDCPA and TDCA, and to have an order or injunction issued by this Court preventing Defendant from persisting with its violative behaviors.

3. Service may be made upon Defendant in any district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiffs, Helene Radbil ("Ms. Radbil") and Richard Radbil ("Mr. Radbil") (collectively, "Plaintiffs"), are natural persons residing in the State of Texas, County of Travis, and City of Austin.

7. Plaintiffs are consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

8. Defendant, Diversified Collection Services, Inc. d/b/a DCS ("Defendant"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Ms. Radbil as defined by 15 U.S.C. § 1692a(5), and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

10. Ms. Radbil is a natural person obligated, or allegedly obligated, to pay debts owed or due, or asserted to be owed or due a creditor other than Defendant.

11. The alleged obligation, asserted to be owed or due a creditor other than Defendant, arises from transactions in which the money, property, or services that are the subject of the transactions were incurred primarily for personal purposes—namely, personal student loans for which Ms. Radbil allegedly co-signed (the "Debt").

12.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     In connection with collection of the Debt, Defendant placed a telephone call to Ms. Radbil on or about July 2012.

14.     At that time, Ms. Radbil gave permission to Mr. Radbil to speak with Defendant concerning the Debt.

15.     During July 2012, Defendant's agent and/or employee "Mr. Moore" spoke with Mr. Radbil on multiple occasions regarding the Debt.

16.     During one such conversation, "Mr. Moore" asserted that Ms. Radbil could not have the Debt discharged in bankruptcy under any circumstance.

17.     During another conversation, "Mr. Moore" advised that AES—the services of the Debt—offered a reduced payment plan that would expire on day 120 of the Debt's delinquency.

18.     However, during the same conversation, "Mr. Moore" stated that the Debt had been delinquent for 116 days and that it was the absolute last day to request relief under the AES reduced payment plan because it would take 3 days to process any such request.

19.     Three days later, Mr. Radbil contacted AES.

20.     During the call, AES advised that the Debt was eligible for the reduced payment plan and immediately placed the Debt into the program.

21.     On August 6, 2012, Defendant, by and through its agent and/or employee "Ms. Fuentes," placed a call to Mr. Radbil.

22.     During the August 6, 2012 phone conversation, "Ms. Fuentes" told Mr. Radbil that although AES had placed the Debt in the reduced payment plan, an administrative

forbearance may not have been placed on the Debt and that the Debt may remain past due and owing.

23.     "Ms. Fuentes" further stated that she did not believe that the loans were eligible for an administrative forbearance.

24.     Subsequently, Mr. Radbil received written notice that the Debt had been placed in administrative forbearance.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

25.     Plaintiffs repeat and re-allege each and every allegation contained above.

26.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

27.     Plaintiffs repeat and re-allege each and every allegation contained above.

28.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(8)

29.     Plaintiffs repeat and re-allege each and every factual allegation contained above.

30.     Defendant violated TEX. FIN. CODE § 392.304(a)(8) by misrepresenting the character, extent, or amount of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. FIN. CODE § 392.304(a)(8);

b) Awarding Plaintiffs injunctive relief pursuant to the TDCA;

c) Awarding Plaintiffs actual damages pursuant to the TDCA;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

31. Plaintiffs repeat and re-allege each and every factual allegation contained above.

32. Defendant violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect the Debt or obtain information concerning a consumer.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. FIN. CODE § 392.304(a)(19);

b) Awarding Plaintiffs injunctive relief pursuant to the TDCA;

c) Awarding Plaintiffs actual damages pursuant to the TDCA;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted,

WEISBERG & MEYERS, LLC
By: /s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Federal Bar No. 029098
RThompson@attorneysforconsumers.com
Weisberg & Meyers, LLC
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Telephone: (888) 595-9111 ext. 244
Facsimile: (866) 565-1327

*Attorney for Plaintiffs*
HELENE and RICHARD RADBIL